# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CRIMINAL NO. 11-CR-30162-WDS-1 |
| | ) |
| RICHON SAYLES, | ) |
| | ) |
| Defendant. | ) |

## ORDER

**STIEHL, District Judge:**

Before the Court is a motion for leave to file a motion to suppress evidence out of time filed by defendant Richon Sayles (Doc. 73), to which the government has filed a response in opposition (Doc. 75).

Magistrate Judge Clifford J. Proud issued an Order Regarding Pre-Trial Discovery and Motion Practice on October 14, 2011, giving the parties twenty-one days from the date of the arraignment to file all motions unrelated to discovery issues (Doc. 11). Defendant's arraignment took place on October 14, 2011 (Doc. 8).

This Court previously allowed defendant to file, out of time, a motion to suppress a statement made to law enforcement officers (Doc. 37). The Court denied defendant's motion to suppress the statement (Doc. 45). At the time this motion for leave and motion to suppress were filed, defendant was represented by different counsel. Defendant's current counsel of record entered their appearances on March 13, 2012 (Docs. 50, 51).

Defendant's current counsel seeks leave to file a second motion to suppress evidence out of time, based on his assertion that none of defendant's three prior counsel filed a motion to suppress

evidence seized from a van and home purportedly occupied by the defendant. Current counsel entered his appearance approximately five months after defendant's arraignment and three weeks prior to trial. Counsel asserts that defendant is not at fault for prior counsels' failure to file a motion to suppress evidence on his behalf, and that a hearing on the motion will take very little time, require testimony from witnesses already prepared to testify, place only a de minimus burden on the government, and that it will ensure that defendant receives the full protection of his Constitutional rights. Defendant requests that the Court set a hearing on his motion to suppress evidence. Although he has not yet been granted leave by this Court, defendant has already filed his motion to suppress evidence (Doc. 74).

In response to the defendant's motion, the government asserts that defendant's motion for leave to file must be denied based upon the fact that merely three business days remain before trial, the final pre-trial conference has already occurred, the deadline for motions in limine has passed, and the deadline for motions to suppress passed months ago. The government further asserts that defendant's counsel has not presented a legitimate explanation for failing to file a timely motion, and that even giving present counsel the benefit of the usual twenty-one day time-frame for filing a motion to suppress, counsel should have filed his motion on or before April 3, 2012 (which would have been twenty-one days after current counsels' entries of appearance).

The government also argues that defendant does not allege that his prior attorneys were ineffective or incompetent, nor does he claim that a prior request to file a motion to suppress evidence on the same basis was ignored by previous counsel.

Additionally, the government claims that it would, in fact, be prejudiced if the Court granted leave to defendant to file his motion to suppress at this time. Specifically, the government claims

that it would be required to, within three business days of trial and while preparing for trial, research and write a brief responding to challenges of the legality of defendant's detention, arrest, the search of defendant's person, the search of his vehicle, and the search of his residence; would have to prepare for a hearing on the motion before this Court; and then, after the Court's ruling, would have to adjust its trial preparation to incorporate the ruling. The government asserts that it is not now preparing to respond to the substantive issues in defendant's motion to suppress, but if the Court should grant defendant leave to file it, the government requests sufficient time to fully research defendant's claims and respond accordingly. The government states that it opposes any request for a continuance of trial as it would cause further prejudice to the government. Finally, the government suggests that a reading of the motion to suppress reveals that it is frivolous on its face.

"If a defendant wishes to pursue a motion to suppress, he must do so before trial and according to the deadlines set by the district court." *United States v. Combs*, 657 F.3d 565, 568 (7th Cir. 2011) citing Fed. R. Crim. P. 12(b)(3)(C). Fed. R. Crim. P. 12(e) provides: "[a] party waives any Rule 12(b)(3) defense, objection, or request not raised by the deadline the court sets under Rule 12(c) or by any extension the court provides. For good cause, the court may grant relief from the waiver." "The term 'waiver' in Rule 12(e) encompasses not only the typical definition of waiver, where a defendant intentionally relinquishes a known right, but also forfeiture, where a defendant fails to assert a right in a timely fashion." *United States v. Kirkland*, 567 F.3d 316, 320 (7th Cir. 2009). "In order to gain relief . . . , a party must present a legitimate explanation for his failure to make a timely motion, and absence of prejudice." *United States v. Hamm*, 786 F.2d 804, 806-07 (7th Cir. 1986) (internal citation omitted).

The Court **FINDS** that good cause has been shown for defendant's failure to file his motion

3

to suppress within the Court's stated deadline in these particular circumstances, in that current counsel entered his appearance fairly recently, previous counsel did not file a motion to suppress this evidence previously, and the evidence at issue is likely "important" evidence in this case, namely, crack cocaine, a digital scale, and United States currency. The trial has not yet begun, and considering defendant's motion at this point in time will not cause delay in the trial date. Furthermore, consideration of this late motion will not unduly inhibit the speed or efficiency of the judicial process. *United States v. Salahuddin*, 509 F.3d 858, 862 (7th Cir. 2007). While consideration of this motion at this time will undoubtedly cause some inconvenience to the government, the Court does not believe that consideration of the motion is unfair. *See id.* at 862-63 (noting that where a district court hears a late motion to suppress and then decides to suppress the evidence in question, the government can appeal that suppression because the jury has not yet been sworn and jeopardy had not yet attached, and that hearing a late motion "does not implicate the social costs associated with granting a motion to suppress that is raised after a jury has been sworn or that is raised for the first time on appeal.")

Accordingly, the Court **GRANTS** defendant's motion for leave to file motion to suppress out of time (Doc. 73). As defendant has already filed his motion to suppress (Doc. 74), the Court will not impose a new deadline for filing the motion, but will consider the motion as filed on April 9, 2012 (Doc.74). The government **SHALL** file its response on or before **Friday, April 13, 2012, at 12:00P.M.** The Court **FINDS** that a hearing is appropriate in this case to consider the issues in defendant's motion to suppress evidence. The Court hereby sets a hearing on defendant's motion to suppress (Doc. 74) for **Monday, April 16, 2012, at 10:00 A.M.**

All time between the date of the filing of defendant's motion to suppress, through the

conclusion of the hearing on, or other disposition of the motion, are excluded for speedy trial purposes. 18 U.S.C. § 3161(h)(1)(D) and § 3161(h)(6).

**IT IS SO ORDERED.**

**DATE:  April 11, 2012**

                                        **/s/  WILLIAM D. STIEHL**
                                              **DISTRICT JUDGE**