**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO.11-CR-30162-WDS |
| | ) | |
| RICHON SAYLES, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

**STIEHL, District Judge:**

Before the Court are defendant's motions in limine to which the government has filed responses. Upon review of the record, the Court rules as follows:

1. **Motion in Limine to Exclude Evidence of Erratic Driving** (Doc. 66) to which the government filed a response (Doc. 76). In this motion, the defendant seeks to limit evidence from law enforcement officers that they observed defendant driving "erratically, making several evasive turns," and that thereafter surveillance on the defendant was terminated. Defendant asserts that the officers are only speculating as to their belief that the defendant's driving indicated an intention to evade observation by law enforcement. Defendant objects to the admission of this evidence because the officers do not have personal knowledge, nor can they testify as an expert on this topic, citing *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 590 (1993).

Initially, the Court notes that witnesses may testify as to their observations of fact. The defendant is free to challenge those observations and recollections on cross-examination, but that does not mean that such testimony is inadmissible on its face. Moreover, if the witness is testifying as to his experience as a law enforcement officer, he or she may testify as to experience with respect

to drug investigations, including common behaviors, including evasive driving maneuvers. *See United States v. Vargas*, 552 F.3d 550, 557 (7th Cir. 2008). These are issues for argument, not admissibility, and the defendant's motion to exclude this evidence is, accordingly, **DENIED.**

2. **Motion in Limine to Exclude Phone Records** (Doc. 67) to which the government has filed a response (Doc. 77). In this motion the defendant seeks to exclude phone records of the defendant and his co-defendant, Robert Griffin. Defendant asserts that the government has not indicated that it intends to call an expert to testify as to these records, and that if cooperating co-defendant, Griffin, testifies, there is no likelihood that he will have personal recollection of the records.

In its response, the government indicates that it does not intend to introduce evidence relating to the phone records for the defendant's phone. Therefore, to the extent that the motion seeks to exclude the defendant's phone records, that motion is **DENIED** as moot.

The government will, however, seek to introduce evidence relating to Griffin's phone records (a matter which is also the subject of a government's motion in limine– Doc. 65). Initially, the Court notes that if Griffin testifies, and his testimony includes his phone use and records, the defendant can cross-examine Griffin as to his recollection and knowledge of calls, but that does not impact the admissibility of those records.

If the government seeks to admit Griffin's phone records as a business record, they may be separately admissible under the provisions of Fed. R. Evid. 803 if properly authenticated. *See, United States v. Oros*, 578 F.3d 703, 708 (7th Cir. 2009). The government must "present . . . testimony to establish that the records were kept in the course of a regularly conducted business activity, [or] provide a certification." This allows the government to lay "the foundation necessary

2

to demonstrate the admissibility, under the business records exception, of the underlying records or the summaries of those records." *Id.*

Therefore, the Court will separately address the admissibility of the records under the business records exception in ruling on the government's motion in limine, and defendant's motion is **DENIED**.

3. **Motion to Expand Scope of Cross-Examination Under Fed. R. Evid. 611** (Doc. 68) to which the government filed a response (Doc. 78). In this motion, the defendant seeks to cross-examine the government's law enforcement witnesses beyond the scope of the government's direct examination in order to avoid the need to recall these witnesses in the defendant's case. The government has indicated that it does not object to this motion, so long as the additional testimony is relevant and complies with all other Rules of Evidence. The Court will, of course, require all testimony to be in compliance with the Rules of Evidence and relevant to the issues in this case.

Accordingly, defendant's motion, with those limitations, is **GRANTED.** The Court will therefore, allow the government, in re-direct**,** to go into matters not covered in direct which may have been raised during cross-examination.

4. **Motion for Early Production of Jencks Act Materials** (Doc. 69) to which the government has filed a response (Doc. 79). The defendant seeks production of all Jencks Act materials, pursuant to 18 U.S.C. § 3500 at least 7 days before trial. In its response, the government notes that it has already provided all Jencks Act materials to the defendant, and has made available all information concerning the government's confidential informant which is in the government's control. The government notes that grand jury materials have not been provided, but the defendant has not made a showing of particularized need for grand jury materials, and has not sought these

materials at all. Accordingly, the Court **DENIES** as moot the defendant's motion for early disclosure of Jencks Act materials as that information has already been provided to the defense in this case.

5. **Motion to Exclude Evidence of Prior Convictions, and Any Prior Bad Acts** (Doc. 70) to which the government has filed a response (Doc. 80). In this motion, the defendant seeks to preclude the government from introducing evidence under Fed. R. Evid. 404(b), including the defendants prior conviction for felony unlawful possession of a controlled substance in St. Clair County, Illinois; a 2006 misdemeanor DUI conviction and several traffic offenses; and his prior indictment in this District for narcotics offenses on which he was acquitted after a jury trial. In addition, he seeks to limit evidence that when he was arrested the government seized several rounds of firearms; and other charges.

In its response, the government has indicated that it will not seek to introduce this evidence as part of its case in chief, but if the defendant were to elect to testify, the government would then seek to introduce some or all of this evidence for impeachment purposes.

In light of the above, the Court **DENIES** as moot defendant's motion to exclude Rule 404(b) evidence. The Court will consider the issue of the admissibility of evidence under Rule 404(b) if the defendant decides to testify in the case, or, otherwise opens the door in this regard.

6. **Motion to Exclude Hearsay Statements** (Doc. 71) to which the government has filed a response (Doc. 81). In this motion the defendant seeks to exclude statements of his co-defendant, Griffin, under Fed. R. Evid. 801(d)(2)(E), and further seeks to have the government disclose statements it seeks to introduce under this Rule. In the Government's second motion in limine (Doc. 64) to which defendant responded (Doc. 84) the government has sought to introduce

4

several recorded statements made by co-defendant Robert Griffin. The Court notes that the indictment in this case does not charge a conspiracy, but rather, charges four counts of distribution involving Sayles and Griffin on discrete dates (each date was, according to the record, a "controlled buy" situation) and one additional count against Sayles for possession with intent to distribute cocaine base (which allegedly occurred on the date Sayles was arrested). The defendant asserts that there is insufficient evidence to establish that a conspiracy existed, and that any statements that Griffin made to the confidential informant identifying the defendant as Griffin's source of drugs is not in furtherance of the conspiracy.

Although the defendant is not charged with a conspiracy, "proving conspiracy . . . is not the same thing as charging conspiracy." *United States v. Nunez*, 2012 WL 759614 *1 (7th Cir. March 9, 2012). A formal conspiracy charge is not required for the admission of evidence under Rule 801(d)(2)(E), because that rule applies to joint ventures as well as to conspiracies. *United States v. Kelly,* 864 F.2d 569, 573 (7th Cir. 1989). Therefore, if the government is able to establish that a "criminal venture existed and that statements took place during and in furtherance of that scheme," *Reynolds*, 919 F.2d 439, co-conspirator's statements may be admissible under Rule 801(d)(2)(E).

Additionally, the Seventh Circuit has routinely held that out-of-court statements by co-conspirators are admissible if the government has established the existence of a conspiracy. "A statement made by a member of a conspiracy is admissible pursuant to Rule 801(d)(2)(E) if the government proves by a preponderance of the evidence that (1) a conspiracy existed; (2) the defendant and the declarant were members of the conspiracy; and (3) the statement was made during the course and in furtherance of the conspiracy." *United States v. Cruz-Rea*, 626 F.3d 929, 937 (7th Cir. 2010); *United States v. Prieto*, 549 F.3d 513, 523–24 (7th Cir. 2008).

In order to establish that a drug-related conspiracy existed, the government must "prove only an agreement. Quantity is not an element, *United States v. Garcia*, 580 F.3d 528, 535 (7th Cir. 2009); *Barker v. United States*, 7 F.3d 629, 634 (7th Cir. 1993), and proof of an overt act is not required. *United States v. Shabani*, 513 U.S. 10 (1994)." *Nunez*, 2012 WL 759614 at *2. However, "there must be more than just a sale of drugs to support an inference of conspiracy, and the question is what more." *Nunez,* 2012 WL 759614 at *4. Further, "a 'conspiracy' [is] a cooperative relationship—a relationship of mutual assistance." *Id.*

The Court will require the government to make a showing pursuant to *United States v. Santiago,* 582 F.2d 1128 (7th Cir. 1978) (overruled on other grounds by *Bourjaily v. United States*, 483 U.S. 171 (1987)) as to the existence of the conspiracy before admitting the co-conspirator's statement.[1] Under the co-conspirator exception to hearsay, statements by a conspirator may be admitted against a co-conspirator if the government proves by a preponderance of evidence that the defendant and the declarant participated in a conspiracy, and the statement was made in furtherance of the conspiracy. Fed. R. Evid. 801(d)(2)(E); *United States v. Prieto*, 549 F.3d 513, 523–24 (7th Cir. 2008).

The government has indicated that it does not intend to introduce statements made to the confidential informant for the truth-of-the-matter-asserted, and will limit any testimony from the confidential informant about defendant Sayles being Griffin's source of drugs to the personal knowledge of the witness, or to an applicable hearsay exception. Therefore, if the government lays the appropriate foundation for the admission of co-conspirators statements in this case, the Court

---

[1]The court in *Santiago* stated that "the trial judge retains the option of conditionally admitting the co-conspirator declaration evidence before the conspiracy has been independently established, but subject to the subsequent fulfillment of that critical condition." 582 F.2d at 1131.

6

will admit those statements under Rule 801(d)(2)(E), and the defendant's motion in limine on this ground is **DENIED.**

7. **Motion to Exclude Inappropriate Expert Testimony by Law Enforcement Agents** (Doc. 72), to which the government has filed a reply (Doc. 82). In this motion, the defendant seeks to limit the government's law enforcement witnesses from testifying as experts unless properly qualified. In addition, the defendant seeks to have the court give a limiting instruction on the distinction between the agent's lay testimony and expert testimony, and further to exclude the officers from testifying as to their interpretations of the recordings in this case.

In response, the government notes that the Seventh Circuit in *United States v. Farmer*, 543 F.3d 363 (7th Cir. 2008), has addressed the issue of the law enforcement officer testifying as to the meaning of drug codes and giving his interpretation of the meaning of terms used by drug dealers in recordings. The court stated:

> We have held that narcotics code words are an appropriate subject for expert testimony, and that law enforcement officers who have training and experience in drug-related transactions and crimes are qualified to testify as an expert concerning the practices of people engaged in that type of conduct. Goodwin, 496 F.3d at 641 n. 2; *United States v. Hughes*, 970 F.2d 227, 236 (7th Cir.1992); *see also United States v. Mansoori*, 304 F.3d 635, 654 (7th Cir.2002). Agent Rehg's experience included eight years as a DEA agent and nine years as a Deputy U.S. Marshal. He further testified that he had participated in hundreds of drug-related cases prior to being the lead case agent in this case, that he had listened to thousands of calls involved in this case, and that the use of the narcotics code language was consistent with his understanding of the terms' meanings. Accordingly, the district court did not abuse its discretion in allowing Agent Rehg to testify as an expert on narcotics code words.

*Id.* at 370. Therefore, the Court may allow the government's law enforcement witness to testify as to "narcotics code language" if the witness is appropriately qualified as an expert. Any distinction between lay testimony and expert testimony is the proper subject of jury instructions, and the

defendant may submit appropriate jury instructions in this case to distinguish the two types of witness testimony for the jury.

Defendant's motion to limit testimony by law enforcement witnesses testifying in a "dual" capacity is also subject to the ruling in *Farmer*.

> Testimony in the dual roles of both a fact witness and an expert witness can be confusing to a jury, but it is permissible provided that the district court takes precautions to minimize potential prejudice. [*United States v.*]*Goodwin*, 496 F.3d [636,] 641[(7th Cir. 2008)]. "The potential for prejudice in this circumstance can be addressed by means of appropriate cautionary instructions and by examination of the witness that is structured in such a way as to make clear when the witness is testifying to facts and when he is offering his opinion as an expert." *Goodwin*, 496 F.3d at 641-42.

*Farmer*, 543 F.3d at 370.

In *Farmer* the court noted that with appropriate cautionary instructions, the government's law enforcement witness could properly testify as to "his opinion about the meaning of various terms used in the [recorded] calls." 543 F.3d at 370. Further:

> The government also prefaced [the agent's] expert testimony by asking him the coded language's meaning "based on [his] expertise." Furthermore, the district court gave the appropriate cautionary instruction regarding expert testimony, instructing the jury that it could judge that testimony the same way it judges fact witnesses' testimony, and could "[g]ive the testimony whatever weight you think it deserves. . . ."

543 F.3d at 371. Therefore, the Court will allow the defense to cross-examine the witness about the "coded drug terms used in the calls, his familiarity with other drug terms, and the factual aspects of his direct testimony," in this case as warranted, *id.*, accordingly, defendant's motion to exclude inappropriate law enforcement testimony is **DENIED.**

## **CONCLUSION**

Therefore, the Court **DENIES** defendant's motions in limine to exclude evidence of erratic

8

driving (Doc. 66), to exclude phone records (Doc. 67), for early production of Jencks Act materials (Do. 69), to exclude evidence of prior bad acts and prior convictions (Doc. 70), to exclude hearsay statements (Doc. 71), and to exclude expert testimony by law enforcement witnesses who are also lay witnesses (Doc. 72).

The Court **GRANTS** defendant's motion to expand the scope of cross-examination (Doc. 68) and will allow the defendant to go beyond the scope of direct examination as set forth herein.

**IT IS SO ORDERED.**

**DATE:  13 April, 2012**

                                          **s// WILLIAM D. STIEHL**
                                             **DISTRICT JUDGE**