**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> RICHON SAYLES, ) <br> ) <br> Defendant. ) | NO.11-CR-30162-WDS |

## MEMORANDUM AND ORDER

**STIEHL, District Judge:**

This matter is before the Court on the government's motions in limine (Docs. 63, 64 and 65) to which the defendant has filed responses (Docs. 83, 84 and 85). Upon review of the record, the Court rules as follows:

1. **Motion to Enforce Fed. R. Evid. 609** (Doc. 63) to which the defendant has filed a response (Doc. 83). The government seeks to prevent the defendant from cross-examining witnesses about their convictions which are more than 10 years old, pursuant to Fed. R. Evid. 609. Rule 609 "governs the admissibility of a witness's prior convictions for impeachment purposes." *United States v. Rogers*, 542 F.3d 197, 200 (7th Cir. 2008). Rule 609 provides that if a witness has a conviction punishable by death or imprisonment in excess of one year, the conviction is admissible if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect on the accused. Fed. R. Evid. 609(a)(1). The critical part of Rule 609, for purposes of this motion, provides:

> Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the

> later date, unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect.

Fed. R. Evid. 609(b). The Seventh Circuit held in *United States v. Rogers*, 542 F.3d 197, 200 (7th Cir. 2008) that a term of probation does not constitute "confinement imposed for that conviction" and therefore cannot be used in extending the period of conviction limited by Rule 609(b). Therefore, in this case Griffin's conviction became "more than ten years" old in 2006, using the date of conviction of 1996 as the starting point. " The clock starts at the witness's release from any physical confinement, or in the absence of confinement, the date of the conviction." *Id.* at 201. As the *Rogers* court noted, "we have said that impeachment by a conviction falling outside the rule's ten-year time limit should be permitted only in rare and exceptional circumstances. *See United States v. Fallon*, 348 F.3d 248, 254 (7th Cir.2003) (*citing United States v. Shapiro*, 565 F.2d 479, 481 (7th Cir.1977))." *Rogers*, 542 F.3d at 201.

The Seventh Circuit noted in *United States v. Heath*, 447 F.3d 535, 539 (7th Cir. 2006) that to introduce convictions more than 10 year old for impeachment "requires more: a conviction older than ten years is only admissible if its probative value 'supported by specific facts and circumstances substantially outweighs its prejudicial effect.'" *Id.* (*quoting* Rule 609(b)). In determining whether the probative value of admitting a prior conviction outweighs its prejudicial effect, the court is directed to consider: "(1) the impeachment value of the prior crime; (2) the point in time of the conviction and the defendant's subsequent history; (3) the similarity between the past crime and the charged crime; (4) the importance of the . . . testimony; and (5) the centrality of the credibility issue." *Rodriguez v. United States*, 286 F.3d 972, 983 (7th Cir. 2002) (*quoting United States v. Smith*, 131 F.3d 685, 687 (7th Cir. 1997)); *see also United States v. Gant*, 396 F.3d 906, 909-10 (7th

2

Cir. 2005).

The defendant asserts that his co-defendant, Griffin, has a 1996 conviction for unlawful possession of a controlled substance, for which he was sentenced to probation, and discharged in July of 1998. The defendant seeks to cross examine the witness on this prior conviction to establish his role in the offense and as valid impeachment.

In light of the fact that, if Griffin testifies, the jury will be advised that he has a current drug conviction, this is not a situation where the witness is offered to the jury as a "lily-white" witness with a clean slate. The defendant will be free to cross-examine the witness as to his motivation for cooperating, including any benefits his plea to the charges in this case may be in the offing. The Court is not persuaded that the witness' prior 1996 conviction (which is, therefore, nearly 16 years old) is relevant or a valid topic for impeachment. The protections of Rule 609 are warranted and the defendant has not made a showing, in this instance, that the probative effect of this evidence would substantially outweigh its prejudicial effect, and the Court, therefore, **GRANTS** the government's motion in limine and will limit the cross-examination of witness Griffin to the extent that the defendant will not be allowed to impeach Griffin by inquiring into his 1996 conviction.

2. **Motion Regarding Admissibility of Co-Conspirator's Statement** (Doc. 64) to which defendant filed a response (Doc. 84). This motion concerns the same issue with respect to Rule 801(d)(2)(E) evidence as raised in defendant's motion in limine at Doc. 71. As the Court ruled at Doc. 89, if the government lays the appropriate foundation for the admission of co-conspirators statements in this case, the Court will admit those statements under Rule 801(d)(2)(E).

In addition, the government indicates that it will seek to admit statements made by the confidential informant to Griffin which are part of audio recordings. The government asserts that

the confidential informant's statements will be offered to put into context the defendant's subsequent actions and to make Griffin's responses intelligible for the jury. As the Seventh Circuit stated in *United States v. Gaytan*, 649 F.3d 573, 579 (7th Cir. 2011), "a confidential informant's out-of-court statements are not hearsay if they are offered not for the truth but to put the defendant's statements in context, or to make what he said and did in reaction to the informant's statements intelligible to the jury." *Id.* (citations omitted). The Court notes that in this case, the recorded conversations involved Griffin, the co-defendant, and the confidential informant. However, if the government offers this evidence not for the truth of what is in the statements, but rather, to put into context the actions which the defendant then took in response to the transactions between Griffin and the confidential informant, then the admission of the recorded statements for this purpose is permissible. Therefore, the Court **GRANTS** the government's motion in limine with respect to the admission of co-conspirator's statements.

3. **Motion to Admit Phone Records** (Doc. 65) to which the defendant filed a response (Doc. 85). In this motion, the government seeks to introduce the cell phone records of defendant's co-defendant Robert Griffin, who is a witness in the case. The defendant has stated that after reviewing the records, his only remaining objection is one based on the confrontation clause, that is, that the admission of the phone records under the business records exception, because both the records and the certification are testimonial in nature. The Seventh Circuit rejected a similar argument, in *United States v. Green*, 648 F.3d 569, 580 (7th Cir. 2011), stating, "We have noted that in some circumstances a Rule 902(11) certification will not implicate a defendant's Confrontation Clause rights because the certificate itself is not testimonial. *See United States v. Ellis*, 460 F.3d 920, 927 (7th Cir.2006)." In *Ellis,* the court stated: "Given the records themselves do not fall within

4

the constitutional guarantee provided by the Confrontation Clause, it would be odd to hold that the foundational evidence authenticating the records do." 460 F.3d at 927.

Therefore, the Court **GRANTS** the government's motion in limine and will, with proper foundation, allow the phone records of Robert Griffin to be admitted into evidence.

**IT IS SO ORDERED.**

**DATE:  13 April, 2012**

                                            **s// WILLIAM D. STIEHL**
                                            **DISTRICT JUDGE**